UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS POWELL, | CASE NO. 3:17-CV-05903-DWC |
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations, | |
| Defendant. | |

Plaintiff Curtis Powell filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to fully develop the record. Had the ALJ fully developed the record with respect to Plaintiff's limitations, the residual functional capacity ("RFC") may have included additional

limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 18, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of November 1, 2013. *See* Dkt. 6, Administrative Record ("AR") 14. The applications were denied upon initial administrative review and on reconsideration. *See* AR 14. ALJ John Michaelsen held a hearing on June 1, 2016. AR 34-67. In a decision dated July 6, 2016, the ALJ determined Plaintiff to be not disabled. AR 14-27. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) order an additional consultative examination; and (2) provide specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Dkt. 12, pp. 1-10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ fully and fairly developed the record.**

Plaintiff argues the ALJ erred by failing to order an additional mental health consultative examination. Dkt. 12, pp. 1-7 (citing 20 C.F.R. § 404.1519a (Mar. 26, 2012)). Specifically,

Plaintiff argues that although he had one mental health consultative examination, another examination was warranted because a non-examining physician reviewed the records and determined a mental health consultative examination was needed. *Id.* at 5-7.

An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.* (citations omitted). The ALJ's duty may also be triggered where a consultative examiner suggests that additional evidence is needed. *See id.* at 1150-51. The duty to fully and fairly develop the record may be discharged "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* at 1150 (citing *Tidwell*, 161 F.3d at 602; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996)).

In this case, Dr. Kathleen S. Mayers, Ph.D., conducted a psychological consultative examination of Plaintiff on May 6, 2014. AR 280-86. Later that year, on November 17, 2014, stage agency consultant and non-examining physician Dr. Eugene Kester, M.D., conducted a record review of Plaintiff's medical records. *See* AR 92-102, 103-113.[1] Dr. Kester reviewed several of Plaintiff's medical records, including Dr. Mayers' consultative report. *See* AR 93-95. Dr. Kester noted that as of August 2014, Plaintiff had new limitations due to "higher anxiety." AR 93.

---

[1] The record contains two "Disability Determination Explanation" reports from Dr. Kester – one for Plaintiff's SSI claim and one for his DIB claim. *See* AR 92, 103. The reports indicate Dr. Kester reviewed the same records for each claim, and the reports contain identical findings. *Compare* AR 91-201 (SSI report) *with* AR 103-113 (DIB report). For simplicity, the Court references Dr. Kester's findings as they appear the first time in the administrative record.

In addition, Dr. Kester wrote "yes" in response to whether a consultative examination was required, and explained the consultative examination was required because:

> (1) The evidence as a whole, both medical and non-medical, *is not sufficient to support a decision* on the claim[, and]
> (2) *Specialized medical evidence that is needed is not available* from the individual's treating or other medical sources.

AR 95 (numbering added, emphasis added). Without explanation, Dr. Kester determined none of Plaintiff's treating physicians could perform the consultative examination. AR 95. Near the end of his report, Dr. Kester provided an RFC assessment regarding Plaintiff's ability to perform sustained work activities. AR 98-100.

At the hearing, Plaintiff's counsel requested the ALJ order an additional psychological consultative examination. AR 35-36. The ALJ denied this request both at the hearing and in his decision, finding the record contained "sufficient information" on Plaintiff's mental impairments. AR 14, 36. In his decision, the ALJ gave Dr. Kester's opinion "significant weight." AR 24. However, the ALJ did not discuss Dr. Kester's recommendation that an additional consultative examination was necessary.

The *Tonapetyan* case is particularly relevant here. In that case, the ALJ "relied heavily" on the testimony of a non-examining consulting medical expert. *Tonapetyan*, 242 F.3d at 1150-51. During his testimony, the consulting medical expert repeatedly expressed "concern over the lack of a complete record upon which to assess [the claimant's] mental impairment." *Id.* at 1150-51. The consulting medical expert also specifically recommended the ALJ obtain additional medical evidence from the claimant's treating psychologist. *Id.* But the ALJ failed to follow through with the consulting medical expert's recommendations. *Id.* Thus, by giving the consulting medical expert great weight yet failing to follow through with his recommendations,

the Ninth Circuit concluded the ALJ "failed to develop the record fully and fairly" and committed reversible error. *Id.*

Likewise, in this case, the ALJ gave "significant weight" to Dr. Kester's opinion. AR 24. Dr. Kester expressly recommended an additional consultative examination was necessary because (1) the medical and non-medical evidence was insufficient to support a decision, and (2) specialized medical evidence was needed but unavailable. AR 95. Nonetheless, the ALJ failed to follow through with Dr. Kester's recommendation for an additional consultative examination. *See* AR 24. Therefore, as in *Tonapetyan*, because of the ALJ's "reliance" on Dr. Kester's opinion, "the ALJ was not free to ignore" Dr. Kester's equivocations over the evidence or his recommendation that Plaintiff needed an additional consultative examination. *See Tonapetyan*, 242 F.3d at 1150-51. Rather, the ALJ had a duty to fully and fairly develop the record and resolve the ambiguities identified by Dr. Kester. The ALJ's failure to do so was error.

Defendant argues the ALJ satisfied the duty to develop the record because Dr. Mayers conducted a consultative examination of Plaintiff. Dkt. 14, p. 3. To support this proposition, Defendant relies on the Program Operations Manual System ("POMS"), which Defendant claims directed the ALJ not to order a consultative examination because Dr. Mayers already conducted one. *Id.* (citing POMS DI 22510.006). However, while the POMS – an internal agency manual – is "entitled to respect," it "does not impose judicially enforceable duties on either this court or the ALJ." *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and internal quotation marks omitted). In addition, Defendant provides no authority showing the POMS supersedes the holding in *Tonapetyan*. *See* Dkt. 14, p. 3. Hence, consistent with binding Ninth Circuit authority, the ALJ had an enforceable duty to develop the record and "assure that [Plaintiff's] interests" were considered. *Smolen*, 80 F.3d at 1288 (citation omitted).

Defendant further surmises Dr. Kester did not mean an additional consultative examination was necessary but was rather referring to the existing consultative examination from Dr. Mayers. Dkt. 14, p. 4. Contrary to Defendant's argument, the Disability Determination Explanation report was written in present tense, asking Dr. Kester whether a consultative examination "is required," and why it "is required." AR 95. Dr. Kester also wrote his responses in the present tense, stating a consultative examination is required because the evidence "is not sufficient to support a decision," and specialized medical evidence "is needed" but not available. AR 95. In other words, the language contained in both the report and Dr. Kester's responses indicate Dr. Kester opined a consultative examination was necessary at the time he completed his report. Moreover, Dr. Kester noted Plaintiff's anxiety had increased since August 2014 – a time after Dr. Mayer's evaluation. AR 93. This supports Dr. Kester's belief that an additional examination was necessary. Thus, because Dr. Mayers had completed her evaluation before Dr. Kester completed his report, the Court finds Defendant's argument unpersuasive.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ more fully developed the record, he may have obtained further evidence with functional limitations related to Plaintiff's mental health. Consequently, the ALJ

may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. *See Tonapetyan*, 242 F.3d at 1150-51 (finding the ALJ's failure to fully develop the record was not harmless); *see also Struck v. Astrue*, 247 Fed.Appx. 84, 86 (9th Cir. 2007) (same); *Tate v. Astrue,* 2012 WL 1229886, at *6 (C.D. Cal. Apr. 12, 2012) (the ALJ erred in not further developing record when the medical expert "suggested that it was difficult for her to form an opinion with respect to Plaintiff's disability" and the ultimate assessment of Plaintiff's RFC was "highly equivocal"). As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

Plaintiff requests the Court issue an Order with specific instructions for the ALJ to order a consultative examination on remand. The Court acknowledges that if the ALJ gives significant or great weight to Dr. Kester's opinion on remand, he will be required – consistent with *Tonapetyan* – to order an additional consultative examination. However, if the ALJ properly discounts Dr. Kester's opinion on remand, he may not be required to order an additional consultative examination. Therefore, the Court directs the ALJ to consider whether, consistent with this Order and in light of the weight he gives Dr. Kester's opinion on remand, a consultative examination is necessary for full and fair development of the record.

**II.     Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Second, Plaintiff contends the ALJ failed to provide specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Dkt. 12, pp. 7-9.

The Court has determined the ALJ committed harmful error and remand is necessary so the ALJ may fully and fairly develop the record in this case. *See* Section I, *supra*. Because developing the record may impact the ALJ's consideration of Plaintiff's subjective symptom

testimony, the ALJ is directed to reconsider Plaintiff's subjective symptom testimony on remand as necessary.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 3rd day of May, 2018.

_____
David W. Christel
United States Magistrate Judge